UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN SHOSHONE NATIONAL COUNCIL, RAYMOND YOWELL, ALLEN MOSS, JOE KENNEDY, JOHN WELLS, CARRIE DANN, JOHNNIE BOBB and BENNIE REILLEY, individually and class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILROAD COMPANY, NEWMONT GOLD COMPANY, BARRICK GOLDSTRIKE MINES INC., GLAMIS GOLD, INC., NEVADA LAND RESOURCE COMPANY, LLC., SIERRA PACIFIC POWER COMPANY, IDAHO POWER COMPANY and UNION PACIFIC RAILROAD COMPANY,<br><br>Defendants. | 03:06-CV-00015-LRH-RAM<br><br>ORDER |

Presently before the court is a motion to reconsider (# 108[1]) filed by Plaintiffs, the governing body of the Western Shoshone Nation and members of the Western Shoshone National Council. Defendants have filed an opposition (# 109), and Plaintiffs replied (# 110)

On May 31, 2007, this court issued an Order (# 106) dismissing this action upon a finding that a monetary award entered by the Indian Claims Commission ("ICC") bars the Western

---

[1] Refers to the court's docket number.

Shoshone from asserting title against Defendants. Judgment (# 107) was entered the same day. On June 8, 2007, Plaintiffs filed the present motion stating, in a conclusory manner, that the court should reconsider its May 31, 2007, Order (# 106) because the court failed to apply the correct standard of law, failed to consider all the legal arguments that have been provided and that the court improperly placed the burden of proof.

A motion for reconsideration can be brought pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 (9th Cir. 2005). Plaintiffs' motion does not identify whether it is filed pursuant to Rule 59(e) or 60(b). A motion for reconsideration filed within ten days of entry of judgment is treated as a Rule 59(e) motion. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). If the motion is not filed within ten days of entry of judgment, it is treated as a Rule 60(b) motion. *Id*. at 899. As the present motion was filed within ten days of the entry of judgment, the court will treat the motion as one filed pursuant to Rule 59(e).

"While Rule 59(e) [of the Federal Rules of Civil Procedure] permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Reconsideration of the district court's initial decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) clear error or manifest injustice. *Carrol*, 342 F.3d at 945; *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

As previously mentioned, the court's Order (# 106) dismissing this action relied on the legal

1  conclusion that an award by the ICC bars the Western Shoshone from asserting title against
2  Defendants. Plaintiffs have provided no authority or argument that would suggest this court's legal
3  conclusion is erroneous. In fact, Plaintiffs' motion does not address this court's legal conclusion in
4  any manner. Rather, Plaintiffs state that the underlying issues in this case are too fact intensive to
5  be subject to a motion to dismiss. Nevertheless, Plaintiffs have not identified a single fact in this
6  case that would preclude a motion to dismiss.
7        In a footnote, Plaintiffs cite to the unpublished decision of *Schugg v. Gila River Indian*
8  *Cmty.*, 2007 U.S. Dist. Lexis 38142, 2007 WL 1526741 (D. Ariz 2007) as a factually analogous
9  case that required a factual determination. In *Schugg*, the Gila River Indian Community contended
10 that it held aboriginal title to certain land. 2007 U.S. Dist. Lexis 38142 at *5, 2007 WL 1526741 at
11 *1. On a motion for summary judgment, the *Schugg* court found that aboriginal title was
12 extinguished in 1877 when Congress conveyed the land at issue to the Territory of Arizona as
13 school land. 2007 U.S. Dist. Lexis 38142 at *21-22, 2007 WL 1526741 at *6. Alternatively, the
14 court found that the Gila River Indian Community was barred from claiming aboriginal title
15 because the ICC had previously adjudicated the fact that aboriginal title had been extinguished. *Id*.
16       In short, the court finds nothing in *Schugg* that would suggest the court's Order (# 106) is
17 erroneous. Furthermore, Plaintiffs have failed to present any newly discovered evidence, show an
18 intervening change in controlling law, or show clear error or manifest injustice.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

IT IS THEREFORE ORDERED that Plaintiffs' motion to reconsider (# 108) is hereby DENIED.

IT IS SO ORDERED.

DATED this 18th day of January, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE